## THIRD DEPARTMENT, JULY, 1962

## (July 2, 1962)

■ JOSEPH SZIWACK, Respondent, v. STATE OF NEW YORK, Appellant.' (Claim No. 35435.) — Appeal from a judgment entered on a decision rendered after trial in the Court of Claims. In this condemnation claim the appropriation maps filed by the State indicated that the road which was being improved was on a three-rod right of way, and the entire proof and assumptions of court and counsel on the claimant's part of the case were based on this premise. But on the State's proof it was shown that the original highway was laid out on a four-rod right of way in 1802 and that no change since in the public title to the right of way had been demonstrated. If the right of way was three rods, the taking involved a portion of claimant's structures and a larger quantity of his land than if the right of way was four rods. In the latter case some of the claimant's structures would have encroached on the public right of way. It was therefore important to find whether the right of way at the time of taking was three rods or four rods and precisely where the enter line and the outside lines of the right of way were located. The Court of Claims refused to make definite findings on this subject and was of opinion that in "any event the difference in damage would be trivial". We think the difference would be substantial both in quantum of land taken and in its effect on resulting damage to the structures. The claimant is entirely right in arguing that this issue was not raised by the State until after the claimant's case had been presented. It is the kind of issue which ought to have adequate adversary presentation and for this reason, as well as the failure of the court to find exactly what was taken by the State beyond the right of way, there should be a new trial. Moreover, there seems no basis in the record for the $9,000 damages awarded. This seems to have been the product of a view expressed by one of claimant's witnesses that the value of claimant's property before the taking was $40,000 and $22.000 after — a differential of $18,000 of which the award equals one half. This proof went in before the issue of the exact area of taking was raised and the witness, of course, gave no consideration to the possibility that the taking might not be as large as the claimant was asserting. Judgment reversed on the law and the facts and a new trial ordered, without costs. Bergan, P. J., Coon, Gibson, Reynolds and Taylor, JJ., concur.